## STATE vs. LINDSAY.

1. GAMING TABLE: *Cities can not license.*

A city ordinance licensing the exhibiting of a gaming table or gambling device, within the limits of the city, and a license granted under it, are null and void, and afford no protection against an indictment for the offense.

APPEAL from *Jefferson* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*Henderson, Attorney General,* for the State.

ENGLISH, C. J. The indictment in this case was found at the May term, 1876, of the circuit court of Jefferson county. It charged, in substance, that James Lindsey did, on the sixth day of May, 1876, in said county, set up and

exhibit a certain gaming bank, or gambling device, adapted, devised or designed for the purpose of playing a game of chance, at which money or property might be lost or won, commonly called *keno*.

At the May term, 1879, the defendant filed a special plea, in which he admitted that he did, at the time alleged in the indictment, set up and exhibit, within the corporate limits of the city of Pine Bluff, in said county, a gambling device called keno, as alleged in the indictment, but justifying, under a license issued to him by the council of the city.

It appears from the plea that, on the fifth of May, 1876, the council of the city of Pine Bluff passed an ordinance providing that, if any person should exhibit any gaming table, or gambling device, in said city, without having obtained a license therefor from said city, he should be guilty of a misdemeanor, and for such offense fined not less than $100, nor more than $300.

The second section of the ordinance authorizes the city council to grant a license to any person petitioning therefor, for six months, on payment of $500, to exhibit a gambling device, or gaming table, within the corporate limits of the city; the license, on payment of the money to the city treasurer, to be signed by the mayor and attested by the recorder.

The plea alleges that defendant procured a license, under the provisions of the ordinance, to exhibit his gambling device, called keno, etc., of which he makes profert, etc.

The state entered a general demurrer to the plea. The court overruled the demurrer, and the state resting, final judgment was rendered, discharging defendant, and the state appealed.

The defendant should have pleaded not guilty, and offered

in evidence the ordinance of the city, and the license relied on for defense, and the special plea might have been stricken out on motion, and defendant required to plead not guilty. (See *Dig., secs. 1845–1850.*) But, as the state thought proper to meet the plea by demurrer, which was an admission of the facts pleaded, we will inquire whether the facts constituted a valid defense to the indictment.

By a general statute, nearly as old as the state, it is made a criminal offense, punishable by fine, etc., for any person to set up, keep or exhibit, any gaming table or gambling device, etc., etc. *Gantt's Dig., sec. 1557, etc.*

This statute covered every foot of territory within the limits of the state, over which jurisdiction is not conceded to the United States.

And it has been decided that the gambling device commonly called keno is within the purview of this statute. *Trimble v. State, 27 Ark., 355; Portis v. State, ib., 360.*

By section 12 of the act of March 9, 1875, for the organization and government of municipal corporations (*Acts of 1874–5, p. 8*), it is enacted that such corporations shall have power "to *license,* regulate, tax or suppress" (among numerous other things), "tables or instruments used for gaming," etc.

Under the authority so seemingly conferred, the council of Pine Bluff thought proper to pass an ordinance to license the exhibition of gaming tables, or gambling devices, within the corporate limits of the city, and under such ordinance appellee, for the sum of $500, obtained a license to exhibit his gambling device called keno, for the period of six months, for which he was indicted by the state, regardless of the license.

By section 4, Article XII, of the constitution, it is provided that: "No municipal corporation shall be author-

ized to pass any laws contrary to the general laws of the state," etc.

It follows that the ordinance and the license are null and void, and furnish appellee no protection against the indictment.

If appellee was otherwise disposed to be a law-abiding man, it is a misfortune that he was induced to part with his money for a worthless license, and deluded into the commission of a crime against a general law of the state. Whether he can recover back from the city the money paid for the license, is not a question before us now.

Reversed, and remanded for further proceedings.