### GREENWOOD *v.* SMOTHERS.

### Opinion delivered April 8, 1912.

1. OBSTRUCTING JUSTICE — REFUSING TO ASSIST OFFICER IN MAKING ARREST.—In a prosecution, under Kirby's Digest, section 2125, for failing, "without reasonable excuse," to obey a summons of an officer to assist him in making an arrest, it is a good defense that defendant was sick and unable to assist the officer. (Page 159.)

2. MUNICIPAL CORPORATION—ORDINANCE BASED ·ON STATUTE.—An ordinance making it a misdemeanor to fail to obey the summons of an officer to assist him in making an arrest can not be broader than the statute upon which it is based, and hence that which would be a defense to a prosecution under the statute will be a defense to a prosecution under the ordinance. (Page 159.)

Appeal from Sebastian Circuit Court, Greenwood District; *Daniel Hon,* Judge; affirmed.

*George S. Evans,* for appellant.

1. The law presumes that every officer does his duty and that in his official acts he has not exceeded his authority.  96 Ark. 477; 95 *Id.* 195.

2. A peace officer may make an arrest without a warrant where a public offense is committed in his presence and an officer making an arrest with or without a warrant may orally summon as many persons as he deems necessary to aid him in making the arrest, and any person failing, without a reasonable excuse, to obey the summons shall be guilty of a misdemeanor. 82 Ark. 499; 80 *Id.* 158; *Id.* 438; 96 Ark. 206.

McCULLOCH, C. J.   This is a prosecution instituted before the mayor of the town of Greenwood against appellees, Smothers, Little and DeWitt, for an alleged violation of one of the ordinances of the town council, in refusing to assist the marshal in making an arrest.   In the trial before the mayor, they were convicted, and appealed to the circuit court, where, on a trial anew, the jury returned a verdict of not guilty, and the town appealed.

The statute provides that an officer making an arrest may summon as many persons as he deems necessary to aid him in making the arrest, and that "any person failing, without reasonable excuse, to obey the summons, shall be guilty of a misdemeanor, and punished by fine and imprisonment, or either." Kirby's Digest, § 2125.

The ordinance under which appellees were prosecuted reads as follows:

"Sec. 126. That any person who shall fail or refuse to assist the town marshal in making an arrest or apprehending a person, when so ordered by the marshal, shall be guilty of a misdemeanor; and upon conviction shall be fined in any sum not more than $25."

The evidence tends to show that the town marshal arrested one John Flenner on a charge of drunkenness, and that he summoned appellees to assist him, and that they refused to do so. There is considerable conflict in the testimony as to whether or not Flenner was really intoxicated or whether the marshal wrongfully assaulted him and arrested him without sufficient cause. A difficulty between the marshal and Flenner grew out of the attempt to make the arrest, and the evidence shows that the marshal struck Flenner and knocked him down. Flenner testified that he was not intoxicated, and that when the marshal proposed to arrest him he offered to go to jail, but the marshal knocked him down and rendered him for a time unconscious. The testimony warranted a finding that the marshal did not summon appellee DeWitt to assist him, though there is a conflict in the testimony upon that point. Appellee Smothers testified that when he reached the scene of the difficulty the marshal had knocked Flenner down and rendered him unconscious, and then called upon witness (Smothers) to assist in carrying Flenner to jail, but did not summon him to help make the arrest. He also testified that he was sick and unable to assist, and for that reason failed to do so. Appellee Little testified that he ran to the scene of the difficulty, and was merely asked to assist the marshal in carrying Flenner out of the livery stable, where the difficulty occurred, to the shade, and that he (witness) refused to do so because he was sick and unable.

The statute provides that, in order to constitute an offense, the person so summoned must not "without reasonable excuse"

fail to obey the summons, and the ordinance of the town council can not, of course, be broader than the statute upon which it is based.    Kirby's Digest, § 5463.    If the persons summoned were physically unable to assist in making the arrest, that was a reasonable excuse, within the meaning of the statute, and they can not be convicted.    The law does not require a citizen to obey such a summons when his physical condition is such as to render it practically impossible for him to do so.    We conclude, therefore, that the evidence was sufficient to warrant the jury in finding that the two appellees who are shown to have been summoned had a reasonable excuse for failing to respond, and that the other appellee, DeWitt, was not summoned at all.

The court gave instructions, which are not objected to, sufficient to properly submit the case to the jury, and we are of the opinion that no prejudicial error was committed in refusing to give the instructions asked by appellant.

Judgment affirmed.