PARAGOULD *v.* THOMPSON.

4-3792

Opinion delivered March 18, 1935.

*Jeff Bratton,* for appellant.
*W. W. Bandy,* for appellee.

McHANEY, J.   Appellee became a member of the fire department in the city of Paragould, either in 1907 or 1908.   He ceased to be a member of the fire department in October, 1927, when he removed from the city of Paragould and became a nonresident of the State.   In November, 1933, he filed a petition with the board of trustees of the Firemen's Pension Fund of the city of Paragould in which he claimed to be entitled to draw from said fund such allotment as may be allowed him by the board or by the law creating said pension fund.   He alleged that prior to the time of his retirement as a member of the fire department of said city he had been a member of the fire department continuously for more than twenty years and had served as a regular appointed and enrolled member thereof during such time; that he was an active member of a part or full paid department, and that he served consecutively in said department for more than five years immediately preceding his retirement therefrom.   He prayed that he be declared entitled to participate in said fund as of October, 1927, and subsequently thereto.

The board of trustees denied the petition and claim of appellee and stated in part as follows: "We fail to

find from the testimony offered to us that Mr. Thompson served the full period necessary to entitle him to a pension, and therefore disallow his claim.''

An appeal was taken to the circuit court from the order of the board, where a trial *de novo* was had which resulted in a verdict and judgment in appellee's favor.

The Legislature of 1921 enacted act 491, p. 454, Acts of 1921, creating a firemen's relief fund. Section 4 of said act reads as follows: ''Any person, at the taking effect of this act or thereafter, who shall have been duly appointed and enrolled, and has served for a period of twenty years or more in some fire department in the State of Arkansas, as now constituted, five years of which shall have been consecutive, immediately preceding the end of such period, as a member in any capacity or rank whatever, of a regularly constituted fire department of any such city or town, which is, or may hereafter be, subject to the provisions of this act, and his service in such fire department shall have ceased, shall be entitled to be retired from such service and shall be entitled to be paid from such fund a monthly pension equal to one-half of the salary attached to the rank which he may have held in said fire department, preceding the date of such retirement whether said service be performed as a volunteer, or a member of a part paid or full paid department.''

A very sharply contested question of fact was when appellee became a member of the fire department of Paragould, whether in 1907 or 1908, and whether therefore he had been a member of the fire department for a period of twenty years at the time he ceased to be a member, as one of the conditions of the above section is that he must have served for such period of time to be eligible for a pension. We do not detail the evidence in this regard for the reason that, assuming it to be sufficient to take the question to the jury, we think the question is concluded by the provisions of § 16 of said act, which reads as follows: ''It is hereby made the duty of the clerk of each city or town in the State, in which an organized department is maintained having fire-fighting apparatus of the value of $1,000 or more, to file on or before the 15th day of January of each year his certificate

with the Insurance Commissioner and State Fire Marshal, showing the existence of such fire department, the number of steam, hand and other engines, hook and ladder trucks, hose carts and number of feet of hose in actual service, the number of organized companies and the system of water supply in use in such department; the number of men, with their names, date of appointment and date of expiration of term of service.''

Pursuant to the provisions of this section the certificate required by said section to be filed with the Insurance Commissioner and State Fire Marshal on or before the 15th day of January each year was first filed in the year 1923 by the Paragould Fire Department, in which ''the number of men with their names, date of appointment and date of expiration of term of service'' was given. In the first report filed, that of 1923, appellee was listed as a member of the fire department and he gave the date of his appointment thereto as beginning in 1908, and that was repeated by him in the reports for 1924 and subsequent years. These records were required by the State for the purpose of determining such questions as is presented in this case, and we think appellee is precluded from disputing this record, and that it is conclusive as to the date of appointment of any member of the fire department except for fraud or demonstrable mistake established by suit in a court of equity to reform or correct the record. The Legislature had the power to attach such conditions as it saw proper to entitle one to obtain the benefits of the act.

Under this view of the case the court should have instructed a verdict for appellant. The judgment will be reversed, and the cause dismissed.