BOARD TRUSTEES FIREMEN'S RELIEF & PENSION FUND
OF STUTTGART *v.* BUERKLE.

4-4410

Opinion delivered November 9, 1936.

*Joseph Morrison,* for appellant.

*M. F. Elms* and *Wm. C. Gibson,* for appellee.

JOHNSON, C. J.   On August 23, 1935, appellee, William Buerkle, presented to appellants, trustees of the Firemen's Relief and Pension Fund of the city of Stuttgart his application and demand for a pension, in which he stated that he had served the city of Stuttgart as a voluntary fireman from September 1, 1914, until December 1, 1935, on which date he retired and that he was therefore entitled to a pension in the minimum sum of $25 a month under act 491 of 1921.   Appellee's petition for an allowance of a pension was denied by the board of trustees and he appealed to the circuit court of Arkansas county.   In the circuit court, appellants moved that the cause be transferred to equity to the end that the certificate on file with the state insurance department showing appellee's tenure of service as a voluntary fireman of the city of Stuttgart be reformed because false and untrue.   The motion to transfer was overruled and upon trial of the issues joined the circuit court held that in this proceeding the certificate on file with the state

insurance department imports verity and that appellee was entitled to a pension as a matter of law and fact and from a consequent judgment this appeal comes.

The trial court's conclusions of law and fact were correct and must be sustained. In *City of Paragould* v. *Thompson,* 190 Ark. 847, 82 S. W. (2d) 31, we construed the pertinent provisions of act 491 of 1921 to mean that the certificates on file with the state insurance department showing service of a voluntary fireman import verity unless reformed and corrected by a suit in equity for fraud or demonstrable mistake in execution. We there said: "Pursuant to the provisions of this section the certificate required by said section to be filed with the Insurance Commissioner and State Fire Marshal on or before the 15th day of January, each year, was first filed in the year 1923 by the Paragould Fire Department, in which 'the number of men, with their names, date of appointment, and date of expiration of term of service' was given. In the first report filed, that of 1923, appellee was listed as a member of the fire department and he gave the date of his appointment thereto as beginning in 1908, and that was repeated by him in reports for 1924 and subsequent years. These records were required by the state for the purpose of determining such questions as is presented in this case, and we think appellee is precluded from disputing this record, and that it is conclusive as to the date of appointment of any member of the fire department except for fraud or demonstrable mistake established by suit in a court of equity to reform or correct the record. The Legislature had the power to attach such conditions as it saw proper to entitle one to obtain the benefits of the act."

Appellants' motion to transfer to equity, interposed after this case reached the circuit court for trial, came too late. We construe the language quoted from the Thompson case, *supra,* to mean that the equitable attack, there pointed out, upon certificates filed with the state insurance department for fraud or demonstrable mistake must be by direct attack in an independent action for this purpose and wherein all necessary parties are before the court.

It follows from what we have said that the judgment is proper, and must be affirmed.