FIREMEN'S RELIEF & PENSION FUND OF STUTTGART
v. RITTMAN.

4-5542                                            129 S. W. 2d 595

Opinion delivered June 12, 1939.

*Al G. Meehan* and *John W. Moncrief,* for appellant.
*Wm. C. Gibson* and *Ingram & Moher,* for appellee.

McHANEY, J. On January 3, 1935, appellee filed his petition with the board of trustees of Firemen's Pension Fund of Stuttgart, alleging that for more than twenty years prior to December 21, 1924, he had served continuously as a regular appointed and enrolled member in good standing of the fire department of the city of Stuttgart, as an active volunteer fireman of a part or full paid department, and consecutively for more than five years immediately preceding his retirement on December 21, 1924, and praying that he be declared entitled to participate in the relief and pension fund, beginning at that date. His petition was denied.

Thereafter, he brought this action in the circuit court for a writ of mandamus to compel appellants to enroll him as a pensioner. Defense was made on a number of grounds, including limitations, laches, failure to comply with the governing statute and by failure to cause a proper certificate, showing his service as a fireman, to be filed with the State Insurance Commissioner or Fire Marshal. Trial to a jury resulted in a verdict and judgment against appellants—hence this appeal.

The Legislature of 1921 enacted Act 491, p. 454, Acts of 1921, digested as § 7737 *et seq.,* Pope's Digest, which is the applicable statute. Section 4 of said act digested as § 7740 of Pope's Digest provides that: "Any person, at the taking effect of this act or thereafter, who shall have been duly appointed and enrolled and has served for a period of twenty years or more in some Fire Department in the State of Arkansas, as now constituted, five years of which shall have been consecutive, immediately preceding the end of such period, as a mem-

ber in any capacity or rank whatever, of a regularly constituted fire department . . . which is or may hereafter be subject to the provisions of this act, and his service in such fire department shall have ceased, shall be entitled to be retired from such service and . . . to be paid from such fund a monthly pension," etc.

This section contemplates membership in a fire department "at the taking effect of this act or thereafter." The member must have "been duly appointed and enrolled" and he must have "served for a period of twenty years or more in some fire department . . . as now constituted, five years of which shall have been consecutive, immediately preceding the end of such period," meaning the last five years of the twenty-year period. If, therefore, appellee was not a member of the fire department of Stuttgart at the date of the passage of said act, having been duly appointed and enrolled, or if he had not served as such twenty years, five years of which were consecutive immediately preceding his retirement, he is not eligible for a pension under the plain terms of the act. Section 16 of said act as amended by § 1 of Act 214 of 1927, digested as § 7752 of Pope's Digest, reads as follows: "It is hereby made the duty of the clerk of each city or town in the state in which an organized fire department is maintained having fire fighting apparatus of the value of $1,000 or more, to file on or before the 31st day of December of each year with the Commissioner of Insurance and Revenues or his successor in office having in charge the Insurance Department of the State of Arkansas, showing the existence of such fire department, the number of steam, hand, and other engines, hook and ladder trucks, hose carts, and number of feet of hose in actual service, the number of organized companies, and the system of water supply in use in such departments; the number of men, with their names, date of appointment, and date of expiration of term."

The city clerk of Stuttgart made and filed his first certificate in compliance with said section with the State Department on November 30, 1925, in which he listed the names of ten members of the fire department, and ap-

pellee's name was not included. Thereafter a certificate was filed annually, but in none of them did appellee's name appear. According to appellee he was a member of the fire department from 1899 to December, 1924. If so he was a member when the above statute was enacted and remained so for nearly three years thereafter. The certificate made pursuant to its provisions did not show. him to have been a member at any time. The omission. of this certificate to show him to be a member or having been a member is a strong circumstance tending to contradict his contention.

Moreover the city records do not show him to have been a member duly appointed and enrolled after March 18, 1912. He answered no roll calls, he received no pay and he was not listed as a member on any of the written or printed membership rolls or lists filed with the city in reporting fires and showing the firemen present or absent thereat, after said date. He says he attended fires after said date, but did not draw any pay. No doubt he did attend fires as did many other citizens, but the records contradict him and his witnesses that he served as a duly appointed and enrolled member of the fire department after said date. He delayed twenty-three years after the last date his name appears on any record, fourteen years after the passage of said. act and ten years after the first certificate was filed with the State Department to claim membership therein and assert rights under the statute. We think he may not thus collaterally attack the records of the city and the fire department of Stuttgart, or thus attack collaterally the certificate made to the state. *Paragould* v. *Thompson*, 190 Ark. 847, 82 S. W. 2d 31.

The written and printed records of lists of enrolled members of the fire department, those present at fires and those absent, from March 18, 1912, show that he was not a member of the fire department of Stuttgart after that date, his name not being mentioned in any such list. of members after that date, and constitute the best evidence of his membership, which would exclude oral testimony contradictory thereof, on collateral attack such as

this proceeding is. There is, therefore, no competent evidence in the record to show that appellee brought himself under the terms and conditions of said act so as to entitle him to be placed on the pension rolls.

The court erred in not so holding, and the judgment will be reversed and the cause dismissed.