McLAUGHLIN, TRUSTEE, v. RETHERFORD.

4-7495 184 S. W. 2d 461

Opinion delivered December 18, 1944.

*Jay M. Rowland,* for appellant.

*James R. Campbell* and *Richard M. Ryan,* for appellee.

McFADDIN, J. This appeal involves the Firemen's Relief and Pension Fund Act (Act No. 491 of 1921 and amendments) as found in § 7737, *et seq.,* Pope's Digest.

Appellee filed this action against appellants, who are the trustees (§ 7738, Pope's Digest) of the Firemen's Relief and Pension Fund of the city of Hot Springs, praying that he be granted a pension under the act. The salient facts, shown by stipulation and evidence practically uncontroverted, are: appellee served as a fireman of the city of Hot Springs from January 1, 1926, to May 10, 1942, when he entered the United States Army. He received a disability in line of duty in the United States Army on June 5, 1942, and received his honorable discharge from the Army on June 18, 1943. On August 1, 1942, the city of Hot Springs passed its ordinance No. 2081 which, omitting caption and enacting clause, reads as follows:

"Section I. That all members of the Hot Springs Fire Department or the Hot Springs Police Department who have volunteered or been drafted into the Military Service of the United States of America since December 6, 1941, shall, upon their honorable discharge from such service, be restored to their positions with such departments.

"Section II. That the time during which such members shall be in the military service of the United States of America shall be counted upon their records as service in the above-named departments, or either of them, so that such members, upon their return to service in either of the above-named departments shall have the same status as they would have had if they had not been in

the military service of the United States and had been on constant duty with their respective department."

This ordinance was in all things repealed by ordinance No. 2090 on October 4, 1943. But in the interim (on September 10, 1943) appellee made application to appellants for a pension. This application for pension was rejected some time after September 15, 1943; and thereafter, on January 20, 1944, appellee filed in the Garland circuit court the action involved on this appeal, praying that he either receive pension of $57 per month for the rest of his natural life, or be reinstated to active duty as a fireman. All the facts above recited are uncontroverted, as also are that the pay of a regular fireman was $114 per month; and at the time of appellee's discharge from the Army, and the time of the trial below, he was physically disabled from performing the duties of a fireman.

The trial court, sitting as a jury, found that appellee received his disability "in line of duty as a soldier in the Army of the United States; and that the disability so received was of such nature as to preclude him from reinstatement to his former position in the fire department in the city of Hot Springs"; and the trial court adjudged that the appellee was entitled to a pension of $57 per month beginning on June 18, 1943, and continuing for his natural life. From an unavailing motion for new trial, appellants prosecute this appeal, and the following topics dispose of the case.

I. *The Firemen's Relief Act Independent of the Municipal Ordinance.* Before we consider the effect of the municipal ordinance, it is well that we first examine the Firemen's Relief Act. This was Act No. 491 of 1921, and is now found in §§ 7737-7757, inclusive, of Pope's Digest. Subsequent constitutional and legislative enactments affecting the act are Act No. 30 of 1939; Act No. 84 of 1939; Amendment No. 31 to the Constitution, adopted in 1940; Act No. 14 of 1941; and Act No. 167 of 1943. Each of the following cases has involved some question about the act or the amendments. *Paragould* v. *Thompson,* 190 Ark. 847, 82 S. W. 2d 31; *Jones* v. *Had-*

*field,* 192 Ark. 224, 96 S. W. 2d 959; *Firemen's Relief Fund of Stuttgart* v. *Buerkle,* 193 Ark. 157, 97 S. W. 2d 914; *Firemen's Relief Fund of Stuttgart* v. *Rittman,* 198 Ark. 580, 129 S. W. 2d 595; *Adamson* v. *Little Rock,* 199 Ark. 435, 134 S. W. 2d 558; *McLaughlin* v. *Lovett,* 204 Ark. 708, 163 S. W. 2d 826. The last-mentioned case gives the history of some of the various enactments.

The pension claimed by appellee is for disability. The provision in the act covering disability is found in § 7741 of Pope's Digest, and reads in part as follows:

"Whenever a person serving as a fireman in such city or town shall become physically or mentally disabled while in, and in consequence of, the performance of his duty as such fireman, said board may, upon his written request, . . . retire such person from active service and . . . shall order and direct that he be paid from said fund a monthly pension equal to one-half of the amount of the salary attached to the rank which he may have held. . . ."

It will be observed that to be entitled to a pension for disability, the fireman must have become "disabled while in, and in consequence of, the performance of his duty as such fireman." The uncontroverted facts here show that appellee did not receive his injury in, and in consequence of, the performance of his duty as such fireman. On the contrary, he received his injury while on target practice in the United States Army. This was entirely disconnected from his work as a fireman in Hot Springs. We have great admiration for a soldier of our country, but the Firemen's Pension Fund is a trust fund for those persons described in the act as eligible thereto, and we cannot let our patriotic zeal overcome our judicial duty. It is as clear as day that the appellee did not receive his injury at a time or place, or in a manner, within the purview of the Firemen's Pension Relief Fund Act of this state. In 21 R. C. L. 243, in discussing the nature of the injury as affecting the right to pension, the rule is stated:

"Statutes providing for pensions to policemen and firemen limit the right thereto to cases of injuries or

death resulting from injuries received in the line of duty. Construing such a provision, death resulting from suicide while on duty is not considered as resulting from an injury received in the line of duty."

See, also, 40 Am. Juris. 983, and Annotation in 20 L. R. A., N. S., 1176, on the subject, "Nature and Circumstances of Injury as Affecting Right to Share in Pension or Insurance Fund for Policemen and Firemen." And see, also, *Cosgrove* v. *Carey*, 278 N. Y. 350, 16 N. E. 2d 361, and *State* v. *Lentz*, 132 Ohio St. 50, 5 N. E. 2d 167. We, therefore, conclude that appellee is not entitled to a pension for disability under § 7741 of Pope's Digest unless the ordinance No. 2081 of Hot Springs affords him some support.

II. *The Effect of Ordinance 2081 on Appellee's Claim for Pension.* Appellee claims that the municipal ordinance is broad enough to make his injury in the Army the same as if he had been injured while in, and in consequence of, the performance of his duty as a fireman. But does the ordinance seek to accomplish this result? Section I of the ordinance says that any fireman who may have entered the Army shall, upon discharge, be restored to his former position. Section II of the ordinance says the time in the Army shall be counted as time in the fire department and, upon return, the soldier shall have the same status he would have had, had he been on constant duty with the fire department.

The ordinance does not say that any injury received in the Army would be considered as received while in, and in consequence of, the performance of his duty as a fireman. The ordinance only says the time in the Army is to be counted as though the soldier had been on constant duty as a fireman. The injury that the appellee suffered in the Army was shown to have been a knee injury sustained when he hit his knee on a stump during target practice. He could have sustained such an injury while hunting, even if he had been all the time a fireman in Hot Springs. If he had sustained the injury while hunting, he would not have been entitled to a pension under the Firemen's Act for the reasons, as we have

already shown. The ordinance said that the Army time should count on his retirement time, but it did not say that any injury he might receive in the Army would entitle him to the same benefits for which he might have been eligible had the injury occurred while in, and in consequence of, the performance of his duty as a fireman. So the city ordinance provides the appellee no support.

III. *The Ordinance Could Not Enlarge the Statute.* Furthermore, if the ordinance had actually sought to accomplish what the appellee claims, we would be compelled to hold the ordinance void to the extent that it went beyond the statutory enactment by the legislature. The legislature originally created the fund and prescribed the conditions that must exist before any person could become a beneficiary, that is, in case of disability, that the injury be sustained in, and in consequence of, the performance of his duty as such fireman. The Constitutional Amendment No. 31 says that the eligibility for pensions "shall be such as may be provided by law." Act No. 14 of 1941, passed in keeping with the constitutional amendment, says, in § 4, that the funds shall be distributed "to the same class of beneficiaries and in the same manner as the funds provided for" in Act No. 491 of 1921. There was no intention in the constitutional amendment or in the statutory law that the cities could broaden the lists of beneficiaries. The city council could not, by ordinance, broaden the conditions of the statute. Article XII, § 4, of our Constitution says "No municipal corporation shall be authorized to pass any law contrary to the general laws of the state." In construing this provision in *Morrilton* v. *Comes,* 75 Ark. 458, 87 S. W. 1024, Mr. Justice Battle said:

". . . the Constitution denies to the Legislature the power to authorize municipal corporations to pass any laws contrary to the general laws of the state. So the ordinance, being contrary to the general law of the state, is void. *State* v. *Lindsay,* 34 Ark. 372."

And in *Greenwood* v. *Smothers*, 103 Ark. 158, 146 S. W. 109, Chief Justice McCulloch, speaking of a municipal ordinance that was broader than the statute, said:

". . . the ordinance of the town council cannot, of course, be broader than the statute upon which it is based."

And to the same effect, see 37 Am. Juris. 787, and McQuillin on Municipal Corporations, 2d Ed., §§ 678, 683, and 685. Appellants are trustees of a fund, and are bound to administer the fund by a state law rather than a municipal ordinance, and the city of Hot Springs could not by municipal ordinance change a state statute.

IV. *The Federal Selective Service Act Does Not Apply*. Finally, appellee claims that he is an honorably discharged serviceman, and is entitled to this former employment, claiming that the Federal Selective Training and Service Act guarantees him that employment. An investigation of the law discloses otherwise. The pertinent section of the act may be found in 50 U.S.C.A. Appendix, § 308. The act does not mandatorily apply to a case like this one, where the soldier was in the employ of a political subdivision of a state. The Federal Government did not attempt to make the act mandatory on states and political subdivisions. In subsection (C) of § (b) of § 308 the act says: ". . . if such position was in the employ of any state or political subdivision thereof, it is hereby declared to be the sense of the Congress that such person should be restored to such position or to a position of like seniority, status, and pay."

But even if the act were mandatory on the city of Hot Springs, there are two other reasons why the appellee herein is not entitled to successfully invoke the act in this case; and these reasons are:

(1) The appellee was discharged from the Army on June 18, 1943, and the first time that he applied to the city for reinstatement as a fireman was on September 10, 1943, being some 82 days after his discharge. Condition 3 of subsection (b) of § 308, *supra,* requires that the

veteran must make application for re-employment within forty days after he is discharged from military service. The appellee failed to make application within the statutory time.

(2) The appellee was physically disabled from discharging his duties as a fireman; and requirement No. 2 of Subdivision (b) of § 308, *supra,* requires that the veteran be "still qualified to perform the duties of such position." By the appellee's own testimony, he placed himself clearly outside of the provisions of the Federal Selective Service Act.

It follows, therefore, that the trial court erred in rendering judgment against appellants; and the judgment of the lower court is reversed, and the cause is dismissed.

Smith, J., concurs.