The Honorable Andrea Lea State Representative Post Office Box 1342 Russellville, Arkansas 72811-1342
Dear Representative Lea:
I am writing in response to your request for an opinion regarding a municipality's ability to enact greater restrictions on registered sex offenders than those restrictions that currently exist in Arkansas's statutes. Your request notes that the General Assembly has enacted several statutes that place various restrictions on registered sex offenders. Your question asks whether a city of the first class may pass an ordinance that either creates new restrictions or heightens the restrictions passed by the General Assembly. I have divided your question into two parts and paraphrased it question as follows:
 1. The State of Arkansas has enacted laws prohibiting sex offenders from entering certain areas. May a city of the first class add to that list by passing an ordinance that prohibits sex offenders from entering additional areas?
 2. The State of Arkansas has enacted laws requiring registered sex offenders to maintain a specific distance from certain locations. Can a first class city pass an ordinance requiring registered sex offenders to maintain an even greater distance from those places?
RESPONSE
In my opinion, the answer to both questions is "no." An ordinance cannot be broader that the state statute upon which it is based.Greenwood v. Smothers, 103 Ark. 158, 146 S.W. 109 (1912);McLaughlin, Trustee v. Retherford, *Page 2 207 Ark. 1094, 184 S.W.2d 461 (1944); Op. Att'y Gen. 97-061. The ordinances you propose intend to prohibit conduct that is already prohibited, to some degree, by state law. But each ordinance intends to expand the scope of prohibited conduct. Thus, the ordinances are not permitted because they are broader than the state statutes on which they are based.
Municipalities are creatures of the legislature and as such have only the powers bestowed upon them by statute or the constitution. Jones v. American Home Life Ins. Co.,293 Ark. 330, 738 S.W.2d 387 (1987); Op. Att'y Gen. No. 94-128. Municipal corporations are not authorized to pass any law contrary to the general laws of the state. Ark. Const. art. 12, § 4; Op. Att'y Gen. No. 91-362. The validity of a city ordinance thus depends upon the authority granted by the constitution or the General Assembly. City of Little Rock v. Raines,241 Ark. 1071, 411 S.W.2d 486 (1967); Op. Att'y Gen. No. 97-061.
When an ordinance prohibits conduct that is also prohibited by state statute, the court has stated that the ordinance of a town may not be broader than the state statute upon which it is based.Greenwood, supra; McLaughlin, supra. InGreenwood, the defendants were prosecuted under a town ordinance that provided: "any person who shall fail or refuse to assist the town marshal in making an arrest or apprehending a person, when so ordered by the marshal, shall be guilty of a misdemeanor." The relevant state statute provided that an officer making an arrest could summon someone to his aid and "any person failing, without reasonable excuse, to obey the summons, shall be guilty of a misdemeanor." (Emphasis supplied.) The court concluded that the ordinance could not be broader than the state statute upon which it was based, and the defendants were allowed to present the defense of "reasonable excuse."
The two ordinances you propose attempt to prohibit conduct that is governed, to some extent, by various state statutes. For example, A.C.A. § 5-14-132 (Supp. 2009) prohibits registered sex offenders from entering a public school, and A.C.A. § 5-14-128 (Supp. 2009) requires certain registered sex offenders to keep at least 2,000 feet from schools. The two ordinances you ask about would seek to add to the list of restricted places and/or increase the distance registered sex offenders must keep from certain places. Thus, both proposed ordinancesexpand the scope of the state statutes that govern similar subject matter. Because Greenwood and McLaughlin prohibit this kind of expansion, in my opinion both proposed ordinances are contrary to state law. *Page 3 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General