Bill WRIGHT, Mayor of the City of Conway et al
*v.* Ronald L. BURTON, Municipal Judge et al

82-264                                              648 S.W.2d 794

Supreme Court of Arkansas
Opinion delivered March 28, 1983

*Jesse W. Thompson,* for appellants.

*James L. Sloan,* for appellees.

GEORGE ROSE SMITH, Justice. In 1981 the appellee Ronald L. Burton, the municipal judge of the city of Conway, held in a criminal case in his court that two ordinances adopted earlier that year by the Conway city council were unconstitutional. That decision threatened to result in substantial losses of revenue to the city. The mayor and the members of the city council brought this action against Judge Burton, his court clerk, and the chief of police, for a declaratory judgment upholding the ordinances. This appeal by the mayor and council is from a declaratory judgment holding the ordinances to be partly valid and partly invalid. For reversal the appellants insist that the ordinances are valid in their entirety. Our jurisdiction is under Rule 29 (1) (c).

The first ordinance, No. 81-26, fixed minimum fines and minimum appearance bonds for 53 enumerated mis-

demeanors. We list a few of the specified offenses and minimum fines:

| | |
|---|---|
| Theft of property | $100.00 |
| Reckless driving | 100.00 |
| Class A misdemeanor offense | 150.00 |
| Class B misdemeanor offense | 100.00 |
| Class C misdemeanor offense | 50.00 |

The second ordinance, No. 81-36, provided that when a person charged with an offense under the first ordinance deposits a sum of money as a fine and costs in lieu of any court appearance, "said sum shall be equal to the minimum fine for such offense," plus costs. Judge Burton held that the ordinances unconstitutionally encroached upon the municipal court's exclusive authority to fix bail bonds for the release of accused persons. The circuit judge agreed with that point of view, but he upheld Ordinance 81-26 to the extent that it fixes minimum fines for Class A, B, and C misdemeanors, because the Criminal Code fixes no minimum fines for those offenses. Ark. Stat. Ann. § 41-1101 (Repl. 1977).

We hold both ordinances invalid, on the ground that they exceed the city's statutory authority to fix the penalty for offenses defined and punishable by state law. A city has express authority to prohibit and punish any act which the state laws make a misdemeanor, Ark. Stat. Ann. § 19-2410 (Repl. 1980), but that section declares that a city cannot prescribe penalties exceeding those prescribed for similar offenses against the state laws. The next section, § 19-2411, makes it unlawful for a city to prescribe less penalties than those prescribed by state laws for similar offenses. Thus the penalties fixed by the city must fall within the state minimums and maximums.

The ordinances in question do not observe the permissible limits. For example, all the offenses mentioned earlier in this opinion subject the offender not merely to a fine but also to possible imprisonment: Theft of property, as a Class A misdemeanor, § 41-2203; reckless driving, § 75-1003 (Repl. 1979); and classified misdemeanors A, B, and C,

§ 41-901. The effect of the two ordinances, taken together, is to permit anyone who commits such offenses to avoid any possibility of imprisonment merely by paying the minimum fine fixed by the city, plus costs. The ordinances unquestionably prescribe a minimum penalty substantially less than that fixed by state law. On the other hand, we do not question the city's authority to provide for the forfeiture of cash deposits in lieu of court appearances in minor cases, such as traffic tickets. *Thompson* v. *City of Little Rock*, 264 Ark. 213, 570 S.W.2d 262 (1978).

This opinion will serve as a declaratory judgment holding the ordinances to be invalid. The appellees, it is true, have not cross-appealed from that part of the circuit court's judgment upholding the validity of some of the minimum fines, but in a case of public interest we think it desirable to point out fatal defects in the ordinances that could be raised by any defendant in any prosecution under those enactments.

Modified and affirmed.