Mr. Mahlon A. Martin, Director Department of Finance and Administration Post Office Box 3278 Little Rock, Arkansas 72203
Dear Mr. Martin:
This is in response to your request for an opinion on the following questions:
 1. Is a city ordinance scheme as described in your letter, which deals with the same subject matter as a state statute, valid as a matter of law?
 2. What action should be taken by the Office of Driver's Services when it receives a record of a driver's violation of city ordinances as described?
As you noted in your letter, Arkansas law provides that a municipal ordinance is invalid to the extent that it is in conflict with state law governing the same subject. An ordinance is in conflict with a state statute if it prescribes less penalties than those prescribed by state laws for similar offenses. Ark. Stat. Ann. 19-2411 (Repl. 198).
When state law provides for the imposition of both a fine and imprisonment as penalties upon conviction, a city ordinance prescribes a substantially less penalty than that fixed by state law when it only provides for the imposition of a fine. Wright v. Burton, 279 Ark. 1, 648 S.W.2d 794 (1983).
It appears, therefore, that the city ordinance described by you is in direct conflict with Ark. Stat. Ann. 75-2503, et seq. (1985 Cum. Supp.), because the ordinance provides only for the imposition of a fine and the statute provides for imposition of fine and imprisonment.
As for your second question, the provisions of Ark. Stat. Ann. 75-1057 are mandatory and if the Office of Driver's Services receives a record of such conviction, it should enter it into its files. Section 75-1057.3 provides a procedure whereby a driver may challenge an entry in his record and the validity of such entries is a matter ultimately by the Office of Driver's Services under Sections 75-2507 and 75-2511, unless directed by the Court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sandra Johnson-Buchanan.