Zareepha FORD *v.* CITY OF HOT SPRINGS

CR 87-212                                     743 S.W.2d 394

Supreme Court of Arkansas
Opinion delivered February 1, 1988

436

*Robert H. Crank*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant, Zareepha Ford, was convicted in Hot Springs Municipal Court of three offenses under the Hot Springs Animal Control Code. Ms. Ford brings this appeal contending the provisions under which she was prosecuted are invalid as they exceed the city's statutory authority to fix the penalty for offenses defined and punishable by state law.

In response to neighbors' complaints, Ms. Ford was visited by Don Floyd, an employee of the Hot Springs Animal Control Agency. He found that Ms. Ford housed at least forty cats and

dogs in her home. He testified that newspapers soiled with feces and urine were strewn throughout the rooms of the house and on the porch. The odor was overwhelming and the noise from the animals was continuous. There were particles of food deposited throughout the house that were attracting flies and rodents; several dogs were confined in one room with no ventilation; furniture had been soiled by the animals and the filth had not been cleaned up in some time. Floyd also noted that one young kitten was malnurished and another had an injured eye that had not been tended to.

Ms. Ford was charged with forty counts of offensive odors, fifty-three counts of disturbing noises and two counts of cruelty to animals. She was found guilty of one count of cruelty to animals, one count of offensive odors and one count of disturbing noises. She was fined $100 on each count.

The counts against Ms. Ford on offensive odors and disturbing noises were brought under Section 6-16(5) of the Hot Springs Code which relates to minimum standards for the maintenance of private kennels. The count on cruelty to animals, which is the conviction Ms. Ford objects to, was based on Section 6-9 of the ordinance which provides:

> (a) It shall be unlawful for any person to:
>
> * * *
>
> (6) allow an animal to be kept in unsanitary conditions;

For a violation of the Code it is provided under Section 6-27:

> Any person violating any provision of this code shall be guilty of a misdemeanor upon conviction and shall be punished by a fine of not less than $25.00 or no more than $100.00, and if such violation be continuing, each violation shall be a separate offense.

The legislature has enacted a law on cruelty to animals, Ark. Code Ann. § 5-62-101 [Ark. Stat. Ann. § 41-2918 (Repl. 1980)], which provides:

> (a) A person commits the offense of cruelty to animals if, except as authorized by law, he knowingly:

\* \* \*

(2) Subjects any animal to cruel mistreatment;

(3) Subjects any animal in his custody to cruel neglect: . . .

(b) Cruelty to animals is a Class A misdemeanor [punishable by a sentence of imprisonment not to exceed one year, or a fine not to exceed $1,000, Ark. Code Ann. § 5-4-401 (Supp. 1987).]

■ Ark. Code Ann. §§ 14-55-501, 502 (1987) [Ark. Stat. Ann. §§ 19-2410 to 2411 (Repl. 1980)] provide that all cities and incorporated towns are authorized to prohibit and punish any act which the laws of this State make a misdemeanor, and to prescribe penalties for all offenses in violating any such ordinance, provided the penalties are neither greater than nor less than those penalties prescribed for similar offenses by state statutes. Thus, we stated in *Wright, Mayor v. Burton, Judge*, 279 Ark. 1, 648 S.W.2d 794 (1983), under those two statutes the penalties fixed by a city must fall within the state minimums and maximums.

In *Wright, Mayor v. Burton, Judge*, 279 Ark. 1, 648 S.W.2d 794 (1983), certain ordinances adopted by the City of Conway were in question because they enumerated offenses that were also offenses under state law, but provided different penalties than those provided for by the state. Specifically we found the statutes did not observe the permissible statutory limits. The effect of the ordinances was to permit anyone who committed one of the offenses to avoid any possibility of imprisonment by merely paying a fine, while under the statute, the offender was subjected not only to a fine but to possible imprisonment as well.

■ The ordinance in this case presents a similar situation. The state cruelty to animal statute, which prohibits neglect and mistreatment of animals, is clearly a similar offense to the Hot Springs ordinance prohibiting an animal from being kept in unsanitary conditions. The ordinance, however, only provides for a fine, while the statute subjects an offender to the possibility of both a fine and imprisonment. The ordinance section under which Ms. Ford was convicted is therefore invalid and the conviction on that count must be reversed. *Wright, Mayor v. Burton, Judge,*

279 Ark. 1, 648 S.W.2d 794 (1983).

Appellant has raised another point which we find without merit concerning the state's burden of proof. After both sides had rested, the court made several remarks, including the following: "The Court feels that there has been a—substantial—beyond a preponderance on the noise, on the odors, and on the unsanitary condition under 6-9 Subsection 6. That will be the finding of the court." The appellant points out that as this is a criminal offense, the state must establish guilt beyond a reasonable doubt. Ms. Ford contends the Court applied the incorrect standard of proof to determine her guilt. We disagree.

■ The above comment by the court, when read in the context of the proceedings, makes it clear the correct standard of proof was applied to all counts and the remark was simply inadvertent. At the close of the presentation of the evidence the defense asked the court to reconsider its motion for a directed verdict on the two counts of cruelty. The Court responded, "Let me ask you this. Are you conceding that the odors and noise count has been proven beyond a reasonable doubt?"

After closing arguments, the court, when finding Ms. Ford not guilty on one count of cruelty involving the two kittens, stated:

> Let me stop you just a minute. And I don't mean to be rude, but I think I have just made up my mind. The Court is going to find on the cruelty, one violation. And that is of the unsanitary condition. I am not—let me say this, if it were a civil case, I would find for the state or the plaintiff on the two cats' situation. There is apparently no doubt that the one cat had a problem with an eye and the other one with its physical condition. But there is a question in my—since the criminal standard is beyond reasonable doubt.

The court continued, addressing again the offensive odors and disturbing noises:

> Yet, from the pictures, from the testimony here, the court can find nothing but an unsanitary condition inside and out. And I will say this, I have never seen pictures where I can almost smell an odor. Now that's the way the court feels about it. Uh—and the noise, the court feels that there has been a substantial—beyond a preponderance on the

noise, on the odors and on the unsanitary conditions under 6-9 Subsection 6. That will be the finding of the court—Judgment of the Court.

The judgment is affirmed in part and reversed in part as is consistent with this opinion.