The Honorable David S. Clinger Prosecuting Attorney Benton County Courthouse 100 Northeast A Street Bentonville, AR 72712
Dear Mr. Clinger:
This is in response to your request for an opinion on the constitutionality of a Benton County proposed ordinance. The ordinance prohibits littering and is closely patterned after the state "Litter Control Act," codified at A.C.A. 8-6-401, et seq. Specifically, you are concerned that the ordinance may violate the due process clause in that key terms are left undefined. You feel this may render the ordinance unconstitutionally vague. Additionally, you question the quorum court's authority to impose penalties which are at a variance with those imposed by the state act.
Section 3 of the ordinance provides:
 It shall be unlawful for any person to place, or cause to be placed, any junk motor vehicle, old vehicle tire, or inoperative or abandoned household appliance, or part thereof, upon the right-of-way of any public highway, upon any other public property, or upon any private property which he does not own, lease, rent, or otherwise control, unless it is a salvage yard, a permitted disposal site, or at the business establishment of a demolisher.
It is the lack of definition given the words "junk motor vehicle" "household appliance", "inoperative", "abandoned", "salvage yard", and others which you feel may render the statute so vague as to violate the due process clause. In making this determination, the court in Thompson v. Arkansas Social Services, 282 Ark. 369,669 S.W.2d 878 (1984), outlined the test to be applied. The court in Thompson held that for a statute to avoid being vague under the due process clause, it must give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden, and cannot be so standardless that judges are left free to decide what is prohibited and what is not on a case-by-case basis. In my opinion the ordinance passes this standard. The words used in the ordinance are not so technical or vague so as not to give a person or ordinary intelligence notice of what is prohibited.
It is also my opinion that the basic penalties set out in the ordinance are proper, although some rewording of the ordinance may be necessary. Section 5 of the ordinance provides:
 Every person convicted of a violation of any part of this ordinance shall for a first offense be fined $500.00 and sentenced up to 90 days in jail and for a second offense be fined $1,000.00 and sentenced up to one year in jail. In addition to or in lieu of these penalties, any violator may also be required to remove litter alongside highways and at other appropriate locations for any period prescribed by the judge.
Section 8-6-404 of the "Litter Control Act" provides in pertinent part:
 1(a)(1)(A) Every person convicted of a violation of [this act] shall be guilty of a Class B misdemeanor for a first offense and a Class A misdemeanor for a second or subsequent offense.
* * *
 (2) In addition to those penalties, any violator may also be required to remove litter from alongside highways and at other appropriate locations for any prescribed period.
The penalties for Class A and B misdemeanors are set out at A.C.A.5-4-201 and 5-4-401. The state penalty for a class B misdemeanor cannot exceed $500 and ninety days imprisonment. (Either a fine or imprisonment, or both may be imposed. A.C.A. 5-4-104(d) (Supp. 1987)). The state penalty for a class A misdemeanor cannot exceed $1000 and one year imprisonment. Thus the ordinance imposes the maximum fine allowed by state law, and sets the imprisonment penalty "up to" the state maximum.
Section 14-20-101 of the Arkansas Code provides in pertinent part:
 (a) A county is authorized to prohibit and punish any act, matter, or thing which the laws of this state make a misdemeanor and to prescribe penalties for all offenses in violation of any ordinance of the county not greater nor less than the penalties prescribed for similar offenses against the laws of this state.
Although we are without the benefit of case law interpreting this section, similar provisions applying to city ordinances (A.C.A.14-55-501 and 502) have been interpreted to mean that the penalties fixed by the ordinance must fall within the state minimums and maximums. Wright v. Burton, 279 Ark. 1, 648 S.W.2d 794
(1983), Ford v. City of Hot Springs, 294 Ark. 435, 743 S.W.2d 394
(1988). It is my opinion that the penalties prescribed in the ordinance meet this test. The fine is not "greater or less" than the state maximum, and the potential for imprisonment is the same as state law.
It is also my opinion, however, that Section 5 of the ordinance, wherein it provides that violators may be required to remove litter from highways "in lieu of" other penalties, is contrary to state law. The state statute provides that such removal can be imposed "in addition to" the other penalties. A.C.A. 8-6-404(2).
It must be noted, finally, that Section 2 of the ordinance improperly purports to have statewide application.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.