The Honorable David Choate State Representative 709 North Main Beebe, Arkansas 72012-3048
Dear Representative Choate:
This is in response to your request for an opinion regarding the authority of cities and towns in Arkansas to enact ordinances. Your specific question is as follows:
 Can cities and towns in Arkansas make a violation of a city ordinance that is not already a violation of the state misdemeanor laws?
It is my opinion that the answer to this question is unclear under Arkansas law. I have found no Arkansas case which expressly addresses the issue. It appears, however, that cities do have some authority to punish such acts, but are not authorized to impose a punishment of imprisonment for such ordinances.
You have referenced two statutes in your request. The first is A.C.A. 14-55-102 (1987), which gives municipalities the authority to enact ordinances, not inconsistent with the laws of the state which are necessary to provide for the safety, health, prosperity, and morals of its inhabitants. Another statute, however, deals specifically with criminal ordinances, and provides that:
 The town or city council in all cities or incorporated towns in this state are authorized and empowered to prohibit and punish any act, matter, or thing which the laws of this state make a misdemeanor.
A.C.A. 14-55-501 (1987).
Section 14-55-502 requires penalties for violations of city ordinances which are also punishable by state law to be within the minimum and maximum state law penalty. See Ford v. City of Hot Springs, 294 Ark. 435, 743 S.W.2d 394 (1988). Section14-55-504 sets a maximum limit for municipal penalties.
Your question involves a consideration of whether A.C.A.14-55-501, which authorizes cities to punish acts which are also punishable by state law, is exclusive, meaning whether cities may only punish matters which are also punishable by state law, or whether the general language of A.C.A. 14-55-102
grants cities authority to criminalize conduct which is not otherwise prohibited by state law.
In my opinion this question is not clearly resolved by any existing Arkansas case law. An early Arkansas case, and a more recent federal case, are relevant to the question. See Burrow v. Hot Springs, 85 Ark. 396 (1908) (stating that the city council is prohibited from prescribing penalties for violating city ordinances that are not prescribed for "similar offenses against the statutes of the state"), and Pursley v. City of Fayetteville, 628 F. Supp. 676 (W.D.Ark. 1986) (holding that the General Assembly, in the opinion of the court, did not intend for cities to impose penalties of imprisonment for violations of city ordinances, unless the ordinances regulate conduct proscribed under a valid state statute.) Cf. also Op. Att'y Gen. 81-012. It is arguable, however, that the language of the former case is merely dicta, because in that case the city council punished as a misdemeanor an act which was proscribed by a state statute. It can also be argued that the relevant language relates only to the penalties provided and not to the absence of a state prohibition which was not at issue. The federal case, of course, is not binding on an Arkansas court's interpretation of state law, but is persuasive authority. See Baldwin Co. v. Maner, 224 Ark. 348, 273 S.W.2d 28
(1955). The federal court clearly recognized that municipalities can enact their own ordinances pursuant to the police power, where the General Assembly has not enacted rules of criminal conduct, but that the statutes of Arkansas only authorize the punishment of these offenses by fines, forfeitures or penalties. See Parsley, supra, at 680, citing what is now A.C.A. 14-55-504 and 14-55-601.
This question ultimately involves an analysis of legislative intent as to the extent of authority granted municipalities. It is my opinion, consonant with the language of the federal court above, that the grant of authority under 14-55-501 to punish acts which the laws of the state make a misdemeanor, does not exclude a municipality's right to enact criminal ordinances under the authority of A.C.A. 14-55-102, for conduct which the state does not punish as a misdemeanor. I have found nothing in the more recent relevant Arkansas case law which requires such a construction. Cf. Ford v. City of Hot Springs, 294 Ark. 435, 743 S.W.2d 374 (1988); Wright v. Burton, 279 Ark. 1, 648 S.W.2d 794 (1983). Additionally, it has been stated that:
 In the absence of constitutional restrictions, municipal corporations may be expressly empowered by the state to prohibit and punish by ordinances or regulations acts which are also prohibited and punishable by statute, and in many jurisdictions municipalities may prohibit and punish such acts. . . . This power must be vested in the corporation either by direct grant or by necessary implication. . . . The state may authorize its municipal corporations to make acts an offense therein under the police power, even though it does not make the same act a state offense. Statutes conferring on municipal corporations power to provide by ordinance for the punishment of all practices dangerous to public safety or health and for the preservation of public morality have been held not to restrict the corporation, in drafting ordinances defining offenses committed within its limits to the particular offenses created by the general laws. [Footnotes omitted.]
62 C.J.S. Municipal Corporations, 145 at 299-301.
Although, as stated previously, the question is not clearly resolved by Arkansas law, it is my opinion that municipalities do have the authority to punish acts which the laws of the state do not make a misdemeanor. An important qualification attends this conclusion, however. It is my opinion, consistent with the federal court's holding in Pursley, supra, that a municipality may not prescribe a penalty of imprisonment for such offenses. Your question refers to the authority of cities and towns to make "violations" of city ordinances. It should be noted that the term "violation" has a distinct meaning for purposes of the Arkansas Criminal Code. "Violations" under the Arkansas Criminal Code do not carry a penalty of imprisonment. See A.C.A. 5-1-108 (Repl. 1993), and 5-1-102(20). It is my opinion, reading these provisions and 14-55-102, 14-55-501, -502, -503, and -504 as a whole, that the legislature did not intend to authorize cities and towns to punish, by imprisonment, acts which are not made misdemeanors by state law. If the act is not also a state misdemeanor, the city or town is limited to punishing the act as a "violation."
While there is, in my opinion, therefore, no prohibition against enacting ordinances which "punish" matters not considered violations of state law (as stated above), there are additional guidelines as to what constitutes a valid enactment. The Arkansas Supreme Court has stated that "[i]n order to be a valid enactment, an ordinance must come within the scope of the powers granted cities and towns under [A.C.A. 14-54-103 to -104], be promulgated in the proper exercise of police powers, and must bear some reasonable relation to the public health, safety, morals, welfare, comfort, or convenience." Wilkins v. City of Harrison, 218 Ark. 316, 320, 236 S.W.2d 82 (1951).
The Arkansas Supreme Court has also stated that municipal authorities have wide discretion in matters of making reasonable provisions for the safety of its inhabitants through the enactment of ordinances, resolutions or bylaws. City of Ft. Smith v. Van Zandt, 197 Ark. 91, 122 S.W.2d 187 (1938). The court in Van Zandt further stated that there is a presumption in favor of ordinances, and one who challenges its validity should make it appear so by clear and satisfactory evidence. Id.
A particular ordinance would have to be specifically examined to determine its validity, but the foregoing analysis should be of help to you.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:ddm/cyh