The Honorable Mike Beebe State Senator 211 West Arch Searcy, Arkansas 72143
Dear Senator Beebe:
This is in response to your request, on behalf of a constituent, for an opinion regarding the validity of a municipal ordinance. The correspondence attached to your request poses three questions concerning an ordinance enacted by the City of McRae:
 1. Can a city impose criminal penalties for the failure to pay a debt to the Water and Sewer Department or is this ordinance unconstitutional in that it violates the equal protection clauses of both the U.S. and Arkansas Constitutions?
 2. If a city may impose criminal penalties for this behavior, is this specific ordinance void for vagueness in that it does not require a mens rea and has a presumption of guilt for the simple nonpayment of a debt?
 3. If a city may impose criminal penalties for this behavior, is this power granted by A.C.A. § 14-43-603, which states that no city of the first class may enact any ordinance that constitutes a felony, but omits mentioning misdemeanors, and is there thus a presumption that cities may enact ordinances that classify behavior as misdemeanors?
It is my opinion that a city may generally establish criminal penalties for the failure to pay a debt to the Water and Sewer Department; however, it is also my opinion that the ordinance enacted by the City of McRae is contrary to state law.
Rather than answer your questions in the order posed, I will initially set out the general authority for a city to establish criminal penalties, and then I will review the specific ordinance enacted by the City of McRae. Municipalities are creatures of the legislature and as such have only the powers bestowed upon them by statute or the constitution. Jones v. American Home Life Ins. Co., 293 Ark. 330,738 S.W.2d 387 (1987); Op. Att'y Gen. No. 94-128. Municipal corporations are not authorized to pass any law contrary to the general laws of the state. Ark. Const. art. 12, § 4; Op. Att'y Gen. No. 91-362. The validity of a city ordinance thus depends upon the authority granted by the constitution or the General Assembly. City of Little Rock v. Raines,241 Ark. 1071, 411 S.W.2d 486 (1967); Op. Att'y Gen. No. 94-128. Therefore, these sources of municipal power must be examined in order to determine whether a city council may establish criminal penalties.
As noted in the letter attached to your request, A.C.A. § 14-43-603
(1987) provides that "No municipality may declare any act a felony."[1]
Arkansas Code Annotated § 14-55-501 (1987), however, provides that "The town or city council in all cities or incorporated towns in this state are authorized and empowered to prohibit and punish any act, matter, or thing which the laws of this state make a misdemeanor." Thus, a municipality may provide that conduct that is a misdemeanor under a state criminal law shall also constitute a municipal ordinance violation.[2]See Op. Att'y Gen. No. 93-174. If a municipality adopts an ordinance prohibiting conduct that constitutes an offense against state law, the penalties fixed by the municipality cannot be greater than nor less than the penalties prescribed for the similar offense by state statute:
 (a) The town or city council in all cities or incorporated towns in this state are authorized and empowered to prescribe penalties for all offenses in violating any ordinance of the city or town not exceeding the penalties prescribed for similar offenses against the state laws by the statutes of this state.
 (b) It shall be unlawful for any town or city council in this state to prescribe, by city ordinance, less severe penalties for all offenses in violation of any ordinance of the city or town than are prescribed for similar offenses against the state laws by the statutes of this state.
A.C.A. § 14-55-502 (1987).
In addition, I have opined that municipalities have the authority to punish acts which the laws of the state do not make a misdemeanor; however, the municipality may not prescribe a penalty of imprisonment for such offenses. Op. Att'y Gen. No. 94-171; see also Pursley v. City ofFayetteville, 628 F.Supp. 676 (W.D. Ark. 1986), rev'd on other grounds,820 F.2d 951 (8th Cir. 1987). In order to be a valid enactment, an ordinance must come within the scope of the powers granted to cities and towns, be promulgated in the proper exercise of police powers, and must bear some reasonable relation to the public health, safety, morals, welfare, comfort, or convenience. Wilkins v. City of Harrison,218 Ark. 316, 236 S.W.2d 82 (1951). Also, ordinances of a municipality "may be enforced by the imposition of fines, forfeitures, and penalties on any person offending against or violating them." A.C.A. § 14-55-601 (1987). Municipal corporations, however, do not have the power to inflict any fine or penalty, by ordinance or otherwise, in an amount greater than five hundred dollars for a single violation of an ordinance that does not regulate conduct also proscribed under a state statute. A.C.A. §14-55-504 (1987).
Turning to the specific ordinance in question, Ordinance 95-11 of the City of McRae provides in part:
 AN ORDINANCE AMENDING ORDINANCE NUMBER 93-2 SO THAT CRIMINAL PENALTIES ARE IMPOSED FOR FAILURE TO PAY WATER AND SEWER FEES AND FOR OTHER PURPOSES.
* * *
 SECTION ONE: Ordinance #93-2 is hereby amended to add the following language and codified as Section 1 therein:
 CRIMINAL PENALTIES: Violation of this ordinance by a users failure to pay their monthly bill in whole or part for a period of sixty (60) days from the date of first billing shall give rise to a presumption that the user/subscriber is engaging in the theft of services. It shall be prima facie evidence that the water/sewer bill was not paid in whole for a period of sixty (60) days from the date of first billing to sustain a conviction.
 The subscriber shall be presumed the person responsible for the use and payment of the bill. . . .
 Upon conviction of a violation of this ordinance the defendant shall be fined a sum not less than double the amount owing nor more than $1,000.00.
The General Assembly has enacted a law entitled "Theft of services" which provides in part:
(a) A person commits theft of services if, with purpose to defraud:
 (1) He purposely obtains services, which he knows to be available only for compensation, by deception, threat, or other means to avoid payment for such services; or
 (2) Having control over the disposition of services to which he is not entitled, he purposely diverts such services to his own benefit or to the benefit of another person not entitled to them.
 (b) In circumstances where payment is ordinarily made immediately upon the rendering of service, absconding without payment or offer to pay shall give rise to a presumption that the actor obtained the services with the purpose of avoiding payment.
A.C.A. § 5-36-104 (Repl. 1993). Generally, theft of services is a Class A misdemeanor if the value of the services is two hundred dollars or less. A.C.A. § 5-36-104(c). Otherwise, it is classified as either a Class B or Class C felony.
The state theft of services statute prohibits an offense similar to the offense prohibited in the City of McRae ordinance. As previously mentioned, a municipality may punish and prohibit any act which the laws of the state make a misdemeanor. A.C.A. § 14-55-501. It is, however, my opinion that the McRae ordinance is contrary to state law because it is broader than the state statute upon which it is based, it prescribes a less severe penalty than prescribed by the state statute, and it is not limited to the prohibition of acts that the laws of this state make a misdemeanor. Consequently, it is my opinion that the ordinance is invalid.
A municipal corporation is not authorized to pass any law contrary to the general laws of the state. Ark. Const. art. 12, § 4; Op. Att'y Gen. No.91-362. With regard to an ordinance prohibiting conduct that is also prohibited by state statute, the court has stated that the ordinance of a town may not be broader than the state statute upon which it is based.Greenwood v. Smothers, 103 Ark. 158, 146 S.W. 109 (1912); McLaughlin,Trustee v. Retherford, 207 Ark. 1094, 184 S.W.2d 461 (1944). InGreenwood, the defendants were prosecuted under a town ordinance that provided: "any person who shall fail or refuse to assist the town marshal in making an arrest or apprehending a person, when so ordered by the marshal, shall be guilty of a misdemeanor." The relevant state statute provided that an officer making an arrest could summon someone to his aid and "any person failing, without reasonable excuse, to obey the summons, shall be guilty of a misdemeanor." (Emphasis supplied.) The court concluded that the ordinance could not be broader than the state statute upon which it was based, and the defendants were allowed to present the defense of "reasonable excuse." With regard to the McRae ordinance, it is my opinion that the ordinance impermissibly broadens the state statute by providing for a presumption that a user/subscriber has engaged in the theft of services and by providing that failure to pay a bill in whole for sixty days shall be prima facie evidence to sustain a conviction.
In addition, the McRae ordinance only provides for a fine if someone is convicted of a violation. The relevant provision of the state statute provides that theft of services is a Class A misdemeanor. A Class A misdemeanor is punishable by a sentence of imprisonment not to exceed one year and/or a fine not to exceed $1,000. A.C.A. § 5-4-401 (Repl. 1993); A.C.A. § 5-4-201 (Repl. 1993). The Arkansas Supreme Court has held that a municipal ordinance was invalid where the ordinance only provided for a fine, but the state statute prohibiting a similar offense subjected an offender to the possibility of both a fine and imprisonment. Ford v. Cityof Hot Springs, 294 Ark. 435, 743 S.W.2d 394 (1988); Wright, Mayor v.Burton, Judge, 279 Ark. 1, 648 S.W.2d 794 (1983); see also Op. Att'y Gen. No. 86-086. In Ford, as with the McRae ordinance, the offense was defined as a Class A misdemeanor under the state statute, but the municipal ordinance simply provided for a fine. The penalties fixed by the municipality cannot be greater than nor less than the penalties prescribed for a similar offense by state statute. A.C.A. § 14-55-502.
Finally, the McRae ordinance is contrary to A.C.A. § 14-55-501 to the extent that the ordinance does not place any limitation upon the value of the services. If the value of the services is more than two hundred dollars, then the offense would be classified as a felony rather than a misdemeanor under state law. A municipality is not authorized to adopt an ordinance prohibiting conduct that constitutes a felony under state law.See A.C.A. § 14-55-501.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] By the terms of the Code, A.C.A. § 14-43-603 applies only to cities of the first class. (It is my understanding that McRae is a city of the second class.) It is my opinion, however, that § 14-43-603 is also applicable by implication to cities of the second class. See A.C.A. §14-55-501 (1987); see also Op. Att'y Gen. No. 95-367. This conclusion is supported by the Arkansas Supreme Court's holding that municipal courts are without jurisdiction to try felony cases. State v. Pulaski CountyCircuit-Chancery Court, 316 Ark. 473, 872 S.W.2d 854 (1994).
[2] Municipalities may adopt by reference any state criminal code or part thereof. Op. Att'y Gen. No. 93-174; A.C.A. § 14-55-207 (1987). In fact, at one point, municipalities operating law enforcement agencies were required to adopt state criminal laws by reference. A.C.A. §12-41-506(b)(4) (repealed).