The Honorable Jim Wood State Representative Post Office Box 219 Tupelo, Arkansas 72169-0219
Dear Representative Wood:
This is in response to your request, on behalf of a constituent, for an opinion regarding the following question:
 Can a city council pass an ordinance that states "Any elected official convicted of using inside information to financially benefit themselves will be subject to a fine of [not less than $250 nor more than] $1,000 and a jail term of not less than 3 months nor more than a year?"
It is my understanding that your question simply concerns the penalty provision of the ordinance and that other provisions of the ordinance more explicitly define the offense. It is also my understanding that you are in actuality only concerned with whether a city council may establish both a mandatory minimum fine ($250.00) and a mandatory minimum term of imprisonment (three months). My review, therefore, is limited to the issue of whether a city council has the authority to establish both a mandatory minimum fine and a mandatory minimum term of imprisonment. In my opinion, where a city council adopts an ordinance to prohibit and punish an act which the state laws make a misdemeanor, the city council may establish mandatory minimum penalties as long as the penalties fixed by the municipality are not greater than nor less than the penalties prescribed for the similar offense by state statute.
Municipalities are creatures of the legislature and as such have only the powers bestowed upon them by statute or the constitution. Jones v.American Home Life Ins. Co., 293 Ark. 330, 738 S.W.2d 387 (1987); Op. Att'y Gen. No. 94-128. Municipal corporations are not authorized to pass any law contrary to the general laws of the state. Ark. Const. art. 12, § 4; Op. Att'y Gen. No. 91-362. A city, however, has express authority to prohibit and punish any act which the state laws make a misdemeanor. A.C.A. § 14-55-501 (1987); Wright, Mayor v. Burton, Judge, 279 Ark. 1,648 S.W.2d 794 (1983); see also Op. Att'y Gen. No. 97-061 (generally discusses authority of municipality to establish criminal penalties) (copy enclosed). Thus, a municipality may provide that conduct that is a misdemeanor under a state criminal law shall also constitute a municipal ordinance violation.[1] See Op. Att'y Gen. No. 93-174. If a municipality adopts an ordinance prohibiting conduct that constitutes an offense against state law, the penalties fixed by the municipality cannot be greater than nor less than the penalties prescribed for the similar offense by state statute:
 (a) The town or city council in all cities or incorporated towns in this state are authorized and empowered to prescribe penalties for all offenses in violating any ordinance of the city or town not exceeding the penalties prescribed for similar offenses against the state laws by the statutes of this state.
 (b) It shall be unlawful for any town or city council in this state to prescribe, by city ordinance, less severe penalties for all offenses in violation of any ordinance of the city or town than are prescribed for similar offenses against the state laws by the statutes of this state.
A.C.A. § 14-55-502 (1987). The penalties fixed by a city must fall within the state minimums and maximums. Wright, supra.
It is my understanding that the ordinance at issue generally prohibits elected municipal officials from "using inside information to financially benefit themselves." The General Assembly has enacted a law that provides in part: "No public servant shall: . . . (2) Purposely use or disclose to any other person or entity confidential government information acquired by him or her in the course of and by reason of the public servant's official duties, to secure anything of material value or benefit for himself or herself or his or her family." A.C.A. § 21-8-801 (Supp. 1995). The term "Public servant" means all public officials, public employees, and public appointees; the term "Public official" means a legislator or any other person holding an elective office of any governmental body, whether elected or appointed to the office. A.C.A. §21-8-402 (16 17) (Supp. 1995). Any person who violates A.C.A. §21-8-801 shall be deemed guilty of a Class A misdemeanor. A.C.A. §21-8-403 (Supp. 1995).
In my opinion, A.C.A. § 21-8-801 prohibits an offense similar to the offense prohibited in the city ordinance. Where a municipality elects to punish and prohibit an act which the laws of Arkansas make a misdemeanor, the penalties fixed by the municipality cannot be greater than nor less than the penalties prescribed for the similar offense by state statute. A.C.A. § 14-55-502; see also Ford v. City of Hot Springs, 294 Ark. 435,743 S.W.2d 394 (1988) (municipal ordinance invalid where ordinance only provided for a fine, but state statute prohibiting similar offense subjected an offender to the possibility of both a fine and imprisonment); Wright v. Burton, 279 Ark. 1, 648 S.W.2d 794 (1983); Op. Att'y Gen. No. 97-061. A person convicted of committing a Class A misdemeanor may be sentenced to a term of imprisonment not to exceed one year and ordered to pay a fine not to exceed $1,000. A.C.A. § 5-4-401
(Repl. 1993); A.C.A. § 5-4-201 (Repl. 1993); A.C.A. § 5-4-104 (Supp. 1995). The city ordinance similarly provides that a person convicted of the offense may be sentenced to a term of imprisonment of one year and may be ordered to pay a fine of up to $1,000; therefore, the city ordinance does not prescribe a less severe term of imprisonment or fine than that prescribed for the similar offense by state statute.
The more critical question is whether the city has prescribed penalties that exceed the penalties prescribed for the similar offense by state statute. Although the city has prescribed both a minimum fine and a minimum term of imprisonment, which exceed the statutory minimums, it is my opinion that, as contemplated in A.C.A. § 14-55-502(a), a person convicted of the offense is not subject to a fine or term of imprisonment greater than that prescribed for the similar offense by state statute. In an opinion issued in 1988, my predecessor reviewed a county ordinance that required imposition of the maximum fine allowed by state law. Op. Att'y Gen. No. 88-328. Arkansas Code Annotated § 14-20-101 (1987) provides that a county may prohibit and punish any act which the laws of this state make a misdemeanor and may "prescribe penalties for all offenses in violation of any ordinance of the county not greater nor less than the penalties prescribed for similar offenses against the laws of this state." The 1988 opinion noted that comparable statutory provisions, A.C.A. §§ 14-55-501 and 502, had been interpreted to mean that the penalties fixed by an ordinance must fall within the state minimums and maximums. My predecessor concluded that the mandatory fine, equal to the maximum fine allowed by state law, was not "greater or less" than the state maximum and was not contrary to state law. In accordance, it is my opinion that a mandatory minimum fine or term of imprisonment that falls within the state minimums and maximums does not constitute a penalty greater than that proscribed by state statute.
I find this conclusion is supported by a review of the history of A.C.A. § 14-55-502. In 1891, the legislature authorized the town or city council in any city or incorporated town to "prescribe the same penalties for all offenses in violating any ordinance of said city or town as are prescribed for similar offenses against the State laws by the statutes of this State." Act 59 of 1891. In 1897, the legislature amended Act 59 to provide in part:
 That the town or city council in all cities or incorporated towns in this State are hereby authorized and empowered to prohibit and punish any act, matter or thing which the laws of this State make a misdemeanor, and to prescribe penalties for all offenses in violating any ordinance of said city or town not exceeding the penalties prescribed for similar offenses against the State laws by the Statutes of this State.
Act 22 of 1897; see also A.C.A. § 14-55-502(a). In my opinion, the purpose of the 1897 amendment was to grant a city or town discretion in establishing penalties, so long as the maximum penalty prescribed does not exceed the maximum penalty established by state law. If the legislature did not intend for a city to have some discretion in prescribing a penalty, there would have been no need to amend the 1891 act which simply required that the same penalties be prescribed.
With regard to A.C.A. § 14-55-502(b), the legislature enacted legislation in 1899 that provided in part:
 That from and after the passage of this act it shall be unlawful for any Town or City Council in this State by city ordinance to prescribe less penalties for all offenses in violation of any ordinance of said city or town than are prescribed for similar offenses against the State laws by the statutes of this State; and upon conviction of any person under such ordinance or ordinances before any police or city court, such conviction shall be, and operate as a bar to further prosecution in any of the courts of this State for the same offense.
Act 36 of 1899.
In sum, the penalties fixed by a city must fall within the state minimums and maximums. Ford, supra; Wright, supra. The mandatory minimum fine and the mandatory minimum term of imprisonment prescribed by the ordinance in question fall within the state minimums and maximums. If the legislature intended for a city to prescribe the same penalties as are prescribed for similar offenses by state statute, then it could easily have so stated as it did in Act 59 of 1891. Thus, it is my opinion that in all probability the ordinance is not contrary to state law simply because it prescribes both a mandatory minimum fine and a mandatory minimum term of imprisonment.
Finally, it should be noted that a person who commits a Class A misdemeanor may also be ordered to make restitution, if appropriate. A.C.A. § 5-4-104; A.C.A. § 5-4-205 (Repl. 1993). The penalties fixed by the municipality cannot be less than the penalties prescribed for a similar offense by state statute.[2] A.C.A. § 14-55-502. As noted above, the Arkansas Supreme Court has held that a municipal ordinance is invalid where the ordinance only provides for a fine, but the state statute prohibiting a similar offense subjects an offender to the possibility of both a fine and imprisonment. Ford v. City of Hot Springs,294 Ark. 435, 743 S.W.2d 394 (1988); Wright v. Burton, 279 Ark. 1,648 S.W.2d 794 (1983). Similarly, it is my opinion that a municipal ordinance may be invalid to the extent an offender is not subject to court ordered restitution where the state statute prohibiting a similar offense subjects the offender to the possibility of court ordered restitution.[3] In the instant case, I have not been provided the entire ordinance in order to determine whether an offender is subject to court ordered restitution, where appropriate. Further, an offender may be subject to the possibility of court ordered restitution pursuant to another applicable municipal ordinance or an applicable state statute,see e.g. A.C.A. § 16-90-309 (Supp. 1995). I, therefore, cannot provide a conclusive answer regarding this issue; however, the foregoing should offer general guidance in addressing the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Municipalities may adopt by reference any state criminal code or part thereof. Op. Att'y Gen. No. 93-174; A.C.A. § 14-55-207 (1987).
[2] At least in the context of ex post facto laws, the Arkansas Supreme Court has concluded that restitution constitutes a criminal penalty.Eichelberger v. State, 323 Ark. 551, 916 S.W.2d 109 (1996).
[3] Where restitution in a criminal case is designated as a civil judgment by the legislature, the judgment is subject to the municipal court's jurisdictional limit of $100.00 for loss or damages to personal property. Townsend v. State, 292 Ark. 157, 728 S.W.2d 516 (1987); Ark. Const. art. 7, §§ 40 and 43.