The Honorable Jerry Hunton State Representative 14221 Greasy Valley Road Prairie Grove, Arkansas 72753
Dear Representative Hunton:
This is in response to your request, on behalf of a constituent, for an opinion concerning the validity of a proposed municipal ordinance. The proposed City of Farmington ordinance prohibits inattentive driving and is comparable to A.C.A. § 27-51-104(b)(8) (Supp. 1995) which also prohibits inattentive driving. The state statute provides that a person who violates the statute shall be subject to a fine not to exceed $100.00; however, the municipal ordinance provides that a person who violates the ordinance shall be fined not less than $50.00 nor more than $500.00. It is my opinion that the proposed ordinance, if enacted, would be contrary to state law because the penalty prescribed by the ordinance exceeds the penalty prescribed for a similar offense by state statute.
Municipalities are creatures of the legislature and as such have only the powers bestowed upon them by statute or the constitution. Jones v.American Home Life Ins. Co., 293 Ark. 330, 738 S.W.2d 387 (1987); Op. Att'y Gen. No. 94-128. Municipal corporations are not authorized to pass any law contrary to the general laws of the state. Ark. Const. art. 12, § 4; Op. Att'y Gen. No. 91-362. The validity of a city ordinance thus depends upon the authority granted by the constitution or the General Assembly. City of Little Rock v. Raines, 241 Ark. 1071, 411 S.W.2d 486
(1967); Op. Att'y Gen. No. 94-128.
Arkansas Code Annotated § 14-55-501 (1987) provides that "The town or city council in all cities or incorporated towns in this state are authorized and empowered to prohibit and punish any act, matter, or thing which the laws of this state make a misdemeanor." I have opined that the grant of authority under A.C.A. § 14-55-501 does not exclude a municipality's right to enact criminal ordinances for conduct which the state does not punish as a misdemeanor. Op. Att'y Gen. No. 94-171; seealso A.C.A. § 14-55-102 (1987) (grants municipalities the authority to enact ordinances, not inconsistent with the laws of the state, which are necessary to provide for the safety, health, prosperity, and morals of its inhabitants). If, however, a municipality adopts an ordinance prohibiting conduct that constitutes an offense against state law, the penalties fixed by the municipality cannot be greater than nor less than the penalties prescribed for the similar offense by state statute:
 (a) The town or city council in all cities or incorporated towns in this state are authorized and empowered to prescribe penalties for all offenses in violating any ordinance of the city or town not exceeding the penalties prescribed for similar offenses against the state laws by the statutes of this state.
 (b) It shall be unlawful for any town or city council in this state to prescribe, by city ordinance, less severe penalties for all offenses in violation of any ordinance of the city or town than are prescribed for similar offenses against the state laws by the statutes of this state.
A.C.A. § 14-55-502 (1987). In accordance, the penalties fixed by a city must fall within the state minimums and maximums. Wright, Mayor v.Burton, Judge, 279 Ark. 1, 648 S.W.2d 794 (1983); Ford v. City of HotSprings, 294 Ark. 435, 743 S.W.2d 394 (1988); Op. Att'y Gen. Nos. 97-088
and 97-061. It should be noted that A.C.A. § 14-55-504 (1987) generally authorizes municipalities to impose a fine of up to $500.00 for a violation of an ordinance; however, it is my opinion that A.C.A. §14-55-502 is controlling where an ordinance prohibits conduct that constitutes an offense against state law. See generally Gore v. Emerson Wilkerson, 262 Ark. 463, 557 S.W.2d 880 (1977); Ark. Const. art. 12, § 4 (municipal corporations not authorized to pass any law contrary to the general laws of the state).
Ordinance No. 5.12 of the City of Farmington is entitled "An Ordinance Establishing the Offense of Inattentive Driving." Section three of the proposed ordinance provides: "Any person who drives a vehicle in such a manner as to indicate a disregard for the safety of persons or property within the corporate city limits of Farmington, Arkansas, shall be guilty of inattentive driving." Finally, section 4 of the proposed ordinance provides that a person who violates the ordinance shall be fined not less than $50.00 nor more than $500.00.
In my opinion, A.C.A. § 27-51-104 (Supp. 1995) prohibits an offense similar to the offense prohibited in the proposed municipal ordinance. Section 27-51-104(b) provides in part:
 It shall be unlawful for any person to operate or drive any vehicle on the public thoroughfares or private property in the State of Arkansas in violation of the following prohibited acts: . . .
 (8) To operate a vehicle in any manner, when the driver is inattentive, and such inattention is not reasonable and prudent in maintaining vehicular control.
A person who violates A.C.A. § 27-51-104 "shall be subject to a fine not to exceed one hundred dollars ($100)."
Where a municipality elects to prohibit and punish an act which the laws of Arkansas also prohibit, the penalties fixed by the municipality cannot be greater than the penalties prescribed for the similar offense by state statute. A.C.A. § 14-55-502; see also Wright, supra; Ford, supra; Op. Att'y Gen. Nos. 97-088 and 97-061. In the instant case, an offender may only be fined a maximum of $100.00 under the state statute; however, the proposed ordinance would subject an offender to a $500.00 fine. Consequently, it is my opinion that the proposed municipal ordinance would be contrary to state law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh