The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, AR 72034-7935
Dear Senator Baker:
I am writing in response to your request for an opinion on the following:
 1. Does state law allow a city or county to pass ordinances that would allow local authorities to intervene on the behalf of neglected or abused animals or animals subjected to living conditions that present a health or safety threat to the animal or humans?
 2. Does the state have an animal abuse or maltreatment law?
RESPONSE
With regard to your first question, while it is not entirely clear what you mean by "local authorities" or "intervene on the behalf of," in my opinion assuming that you are referring to a city or county governmental authority, a city is authorized to enact an ordinance criminalizing cruelty to animals, A.C.A. §5-62-101 (Repl. 2005), as discussed below. In my opinion, A.C.A. § 14-14-805(6) (Repl. 1998) prohibits a county from enacting an ordinance criminalizing animal cruelty. With regard to your second question, the answer is "yes" and it is codified at A.C.A. § 5-62-101 through -124 (Repl. 2005).
Question One: Does state law allow a city or county to passordinances that would allow local authorities to intervene on thebehalf of neglected or abused animals or animals subjected toliving conditions that present a health or safety threat to theanimal or humans?
I assume that by "local authorities," you are referring to a city or county governmental authority.[1] I am unable to determine the nature of the "intervention" that you propose from your request for an opinion. In my opinion, generally, a city could enact an ordinance in compliance with the state law on the abuse and mistreatment of animals to be enforced by local authorities. However, in my opinion a county is prohibited from passing a criminal ordinance to this effect by A.C.A. §14-14-805(6).
Any ordinance passed by a city or county must comply with state law. The crime of cruelty to animals is codified at A.C.A. §5-62-101 (Repl. 2005) stating in pertinent part:
 (a) A person commits the offense of cruelty to animals if, except as authorized by law, he or she knowingly:
 (1) Abandons any animal;
 (2) Subjects any animal to cruel mistreatment;
 (3) Subjects any animals in his or her custody to cruel neglect; or
 (4) Kills or injures any animal belonging to another without legal privilege or consent of the owner.
 (b) Cruelty to animals is a Class A misdemeanor.
Id. The Code subsequently defines "cruelty" in A.C.A. §5-62-110 as "includ[ing] every act, omission, or neglect in which unjustifiable physical pain, suffering, or death is caused or permitted." Id. at (a)(2). My immediate predecessor addressed the general functioning of several sections of this subchapter of the Arkansas Code in Op. Att'y Gen. 2002-280. I have enclosed a copy for your convenience.
Municipalities are specifically granted the power to "prevent cruelty to animals." A.C.A. § 14-54-103(7) (Repl. 1998). Cities are also allowed to pass ordinances to prohibit and punish any acts which are misdemeanors under state law. A.C.A. § 14-55-501
(Repl. 1998); see also Op. Att'y Gen. 2004-271 at fn. 1. As my immediate predecessor noted in Op. Att'y Gen. 2002-280, there is very little case law interpreting A.C.A. §§ 5-62-101 through -124. The Arkansas Supreme Court has had the opportunity to address the relevant statutory provisions in conjunction with a municipal ordinance in Ford v. City of Hot Springs,294 Ark. 435, 743 S.W.2d 394 (1988).
In Ford, supra, the Arkansas Supreme Court affirmed a municipality's power to enact an ordinance to prohibit and punish actions which constitute a misdemeanor under state law, but only if the punishment imposed by the ordinance is neither greater nor lesser than the punishment imposed by state law. Id. at 438. In response to complaints by neighbors, the Hot Springs Animal Control Agency investigated Ms. Ford. Ms. Ford was found to be keeping numerous animals in conditions that were contrary to state law and the city ordinance preventing cruelty to animals. While A.C.A. § 5-62-101 provides for a fine and/or imprisonment of up to one year for each cruelty to animals offense committed, the Hot Springs ordinance only imposed a fine. In reversing the convictions imposed under the Hot Springs ordinance, the Arkansas Supreme Court held in pertinent part:
 Ark. Code Ann. § 14-55-501, 502 (1987) provide that all cities and incorporated towns are authorized to prohibit and punish any act which the laws of this State make a misdemeanor, and to prescribe penalties for all offenses in violating such ordinance, provided the penalties are neither greater than nor less than those penalties prescribed for similar offenses by state statutes. Thus, we stated in Wright, Mayor v. Burton, Judge, 279 Ark. 1, 648 S.W.2d 794 (1983), under those two statutes the penalties fixed by a city must fall within the state minimums and maximums.
Id. at 438. In my opinion, it is clear that a city may enact an ordinance to criminalize cruelty to animals, but the punishments provided by the ordinance must comply with A.C.A. §§ 14-55-501
and -502, as discussed in Ford, supra.
Counties do not have the equivalent authority. While a county is authorized to establish "animal control services," A.C.A. §14-14-802(b)(2)(C)(i) (Repl. 1998), a county is also prohibited from enacting any ordinance that "defines as an offense conduct made criminal by state law," A.C.A. § 14-14-805(6). The plain and ordinary language of A.C.A. § 14-14-805 unambiguously prohibits enacting an ordinance to criminalize cruelty to animals. In my opinion, the phrase "animal control services" in A.C.A. §14-14-802 does not clearly encompass enforcement and punishment of cruelty to animals and A.C.A. § 14-14-805 prohibits a county from enacting such an ordinance.
Question Two: Does the state have an animal abuse ormaltreatment law?
Yes. A.C.A. §§ 5-62-101 through -124 (Repl. 2005)
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
Enclosure
[1] I do not interpret your question as inquiring about the authority of private entities to intervene in such situations. I will note, however, that Arkansas Code Annotated § 5-62-111
allows designated members or agents of "a society which is incorporated for the prevention of cruelty to animals" to "interfere" and prevent acts of cruelty to animals.